IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-1678-WJM-STV

BERNIE SANCHEZ-BELL,

    Plaintiff,

v.

CSAA GENERAL INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART AS MOOT
DEFENDANT'S MOTION TO LIMIT TESTIMONY**

---

Before the Court is Defendant CSAA General Insurance Company's ("Defendant") Motion to Limit Testimony of Plaintiff's Non-retained Expert, Dr. Michael G. Messner ("Dr. Messner") (the "Motion"). (ECF No. 26.)  Plaintiff Bernie Sanchez-Bell ("Plaintiff") filed a response in opposition (ECF No. 28), and Defendant filed a reply in support (ECF No. 32).  For the following reasons, the Motion is granted in part and denied in part as moot.

## I. LEGAL STANDARDS

**A.    Federal Rule of Civil Procedure 26**

Federal Rule of Civil Procedure 26 requires that expert disclosures "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).  "Ordinarily, physicians providing a party with medical treatment

are designated as non-retained and, thus, are exempt from the report requirement," *Hermann v. Hartford Cas. Ins. Co.*, 2012 WL 5569769, at *3 (D. Colo. Nov. 15, 2012), because "[t]heir testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial," *George v. Metro. Prop. & Cas. Ins. Co.*, 2020 WL 70424, at *1 (D. Colo. Jan. 2, 2020) (quoting *Trejo v. Franklin*, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007)). "It is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." *Id.* (quotations, alterations, and citations omitted).

"However, when a witness 'opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it . . . and [is] giving an opinion formed because there is a lawsuit.'" *Id.* (quoting *Hermann*, 2012 WL 5569769, at *3). When a treating physician will testify beyond his or her knowledge of the care he or she provided to the patient, the witness must file a written report that contains a complete statement of the witness's opinions, the facts and data supporting such opinions, the witness's qualifications, a list of all other cases in which the witness has testified as an expert in the past four years, and a disclosure of the compensation received by the expert. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

In determining whether an expert disclosure has complied with Rule 26(a)(2)(B), "[t]he party moving to strike the witness bears the initial burden of showing that the disclosing party failed to produce a written report under Rule 26(a)(2)(B)." *Id.* (quoting *Davis v. GEO Grp.*, 2012 WL 882405, at *2 (D. Colo. Mar. 15, 2012)). Once the movant has met this burden, "[t]he burden then shifts to the disclosing party to demonstrate that

2

the witness is not retained or specially employed and, thus, no report was required." *Id.*

**B.      Federal Rule of Civil Procedure 37**

Under Rule 37,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"This sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless." *See Cook v. Rockwell Int'l Corp.*, 233 F.R.D. 598, 600 (D. Colo. 2005). However, striking an expert witness based on disclosure deficiencies is a drastic sanction that can cripple a party's case. *See Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (recognizing that "[t]he decision to exclude evidence is a drastic sanction"); *McAdoo v. ITT Educ. Servs., Inc.*, 2011 WL 2198568, at *2 (D. Colo. June 6, 2011) ("Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony." (quoting *McClain v. Metabolife Int'l, Inc.*, 193 F. Supp. 2d 1252, 1259 (N.D. Ala. 2003))).

In *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Company*, 170 F.3d 985, 993 (10th Cir. 1999), the Tenth Circuit identified four factors for courts to consider in determining whether the failure to disclose information required under Rule 26 is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the non-disclosing party's bad faith or willfulness.

## II. ANALYSIS

### A.     Timeliness

Before addressing the Motion on its merits, the Court addresses the Motion's timeliness.  Plaintiff asserts the Court should summarily deny the Motion as untimely, arguing it was filed less than 70 days prior to the Final Trial Preparation Conference.  (ECF No. 28 at 2–3 (citing WJM Revised Practice Standards Rule III.H.2.a).)  With one addendum noted below, the Court agrees with Defendant's argument in its reply regarding timeliness:

> Plaintiff asserts motions under F.R.E. 702 must be filed no later than 70 days before the Final Trial Preparation Conference.  Plaintiff is right, but she conflates two separate and distinct conferences.  Per Doc. 24, the Final Pretrial Conference is set for August 15, 2023; the Final Trial Preparation Conference will be set after.  (WJM Revised Practice Standards, Sec. V.C.)  With the Final Trial Preparation Conference not yet set, CSAA's Motion cannot be untimely.

(ECF No. 32 at 1.)  The Court set the Final Trial Preparation Conference for May 17, 2024, in an order dated August 17, 2023, after the Motion was fully briefed.  (ECF No. 36.)  Therefore, the Motion is clearly timely, and the Court considers it on the merits.

### B.     Opinions Regarding Causation

Defendant seeks to limit Dr. Messner's testimony rather than exclude it wholesale.  (ECF No. 26 at 2.)  The parties agree that Dr. Messner is a treating physician and, therefore, is properly considered a non-retained expert not required to prepare a report under Rule 26(a)(2)(B).[1]  (ECF No. 26 at 2; ECF No. 28 at 3.)  Where

---

[1] Dr. Messner apparently did not prepare an expert report, though neither party states this directly.  (*See generally* ECF Nos. 26, 28, 32.)  Nevertheless, it is clear from the briefing and the arguments contained therein that Dr. Messner in fact did not prepare such a report.  (*See* ECF No. 26 at 2–5 (arguing that an expert report is required for a treating physician to

4

they disagree, however, is on whether this exemption includes several opinions he is expected to give concerning what caused an injury to Plaintiff's left knee, which Dr. Messner surgically treated. (*Compare* ECF No. 26 at 2, *with* ECF No. 28 at 5–6.) Specifically, Defendant seeks to exclude the following anticipated testimony, as disclosed by Plaintiff:

> Dr. Messner will testify about general and specific causation. He will testify that a car crash like the one Ms. Sanchez-Bell experienced can and, in this case, likely did cause injuries to the muscles, ligaments, and nerves of Ms. Sanchez-Bell's left knee. He will testify that a rear impact, such as this one, is more likely to cause an injury to the left knee, specifically as a result of an anterior blow to the knee. He will testify there is ample peer-reviewed literature tying the type of injury Ms. Sanchez-Bell sustained with the type of collision Ms. Sanchez-Bell experienced. He will further testify that his education, background, and training, including his clinic experience, support his opinion regarding general causation. He will also testify that he utilized the differential diagnosis process to determine that it is more likely than not the March 8, 2021, car crash caused the injury for which he treated Ms. Sanchez-Bell. This process included taking a careful history, performing a physical examination, considering Ms. Sanchez-Bell's subjective complaints and her objective evidence of injury together with the temporal relationship between the collision of Ms. Sanchez-Bell's subjective complaints of injury. Dr. Messner is expected to testify that, given Ms. Sanchez-Bell's age, subjective reports and objective findings, and imaging reviewed, the injuries for which he provided treatment were more likely than not caused by the collision.

(ECF No. 26 at 3–4 (quoting ECF No. 26-1 at 4 (titled "Plaintiff's First F.R.C.P. 26(a)(2) Disclosure")).)

---

offer opinions formed outside the course of a patient's treatments); ECF No. 28 at 3–6 (arguing "Dr. Messner's opinions regarding the cause of Plaintiff's left knee injuries were formulated and documented during his treatment of Plaintiff"); ECF No. 32 at 1–2 (disputing the claim Dr. Messner's causation opinions were formed in the course of treatment, arguing that no contemporaneous records support this claim).)

Defendant argues that none of these causation-related opinions are permissible in lieu of an expert report because they were not formulated during Dr. Messner's treatment of Plaintiff. (ECF No. 26 at 4.) In support, it states the following: (1) these opinions first appear in writing, not in Dr. Messner's contemporaneous treatment notes, but in a letter dated five months after Dr. Messner's last treatment of Plaintiff; (2) Dr. Messner testified during his deposition that he did not know whether Plaintiff's knee was struck during the relevant motor vehicle accident and merely assumed it was struck; and (3) Dr. Messner further testified during his deposition that he "did not perform a differential diagnosis and did not review all of Plaintiff's medical records . . . ." (ECF No. 26 at 4.) Defendant argues that, together, these facts show Dr. Messner's causation opinions were formed for the purpose of litigation and not treatment, and therefore require an expert report. (*Id.*)

Plaintiff agrees the admissibility of Dr. Messner's causation opinions (in this case) hinges on whether he formed those opinions during his treatment of Plaintiff. (ECF No. 28 at 4–5 ("When a treating physician intends to offer expert testimony not based on his personal observations made during treatment of the patient, a written report is required.").) She simply disagrees with Defendant on whether the challenged opinions were in fact formed during treatment or afterward in anticipation of litigation. (*Id.* at 5 ("Dr. Messner's opinions regarding the cause of Plaintiff's left knee injuries were formulated and documented during his treatment of Plaintiff.").) In turn, she states that: (1) Dr. Messner testified in his deposition that he relied only on his own treatment file when forming the causation opinions; (2) it was necessary for him to form an opinion on what caused Plaintiff's knee injury to recommend and render appropriate medical

6

treatment; (3) it was necessary for Dr. Messner to form an opinion on the permanence of Plaintiff's injury to recommend future treatment; and (4) because the causation opinions are "documented appropriately in the medical records and expert endorsements, Dr. Messner was properly disclosed as a non-retained expert."  (ECF No. 28 at 5–6.)

In its reply, Defendant points out that—despite her claim that Dr. Messner formed these causation opinions during treatment, documented them contemporaneously, and merely referred to them later when preparing his May 2, 2022, letter—Plaintiff fails to identify a single instance in which any of the challenged causation opinions appear in Dr. Messner's treatment records.  (ECF No. 32 at 1–2.)

The Court has reviewed the (sparse) medical records, deposition excerpts, and May 2, 2022, letter attached to the parties' briefs.  After its review, the Court finds Dr. Messner's challenged opinions indistinguishable from those the undersigned excluded in *Masa v. State Farm Mutual Automobile Insurance Company*, 2021 WL 6052622, at *4 (D. Colo. Dec. 21, 2021), a case Defendant cites.  In that case, the undersigned found

> that rather than causation opinions, the medical records contain[ed] the medical providers' notes regarding Plaintiffs' subjective, self-reported history of illnesses, as well as numerous statements referencing the car accident, and noting that Plaintiffs' symptoms began after the car accident.  The Court conclude[d] these are not causation opinions.

*Id.*  In this case, Dr. Messner's record merely notes that Plaintiff presented

> for left knee MVA injury from 3/8/21.  She was stopped when someone hit her from behind.  She [was not] sure how she hurt her knee.  The next day, her knee popped really loud[ly].  She noticed that her knee ha[d] been popping at least once a day.  She ha[d] pain around the front of her knee.  She ha[d] swelling and stiffness around her knee.

(ECF No. 26-1 at 1.)

7

As in *Masa*, the Court concludes these statements are not causation opinions. Rather they are notes of Plaintiff's self-reported illness/injury. *See Masa*, 2021 WL 6052622, at *4. Plaintiff's inability to point to any other statements in the medical records that might be appropriately considered causation opinions strongly suggests that no such statements exist. Consequently, the Court rules that Plaintiff will not be permitted to "elicit opinions from [Dr. Messner's] that [her] injuries were caused by, and were a direct and proximate result of the motor vehicle collision." *Id.* Dr. Messner's testimony will be limited to his personal observations, diagnoses, and opinions formed during his treatment of Plaintiff.

## C.     Rule 37

As to the failure to disclose expert reports concerning causation opinions, the Court has considered the aforementioned factors outlined in *Woodworker's Supply* and finds that Plaintiff's failure is neither substantially justified nor harmless. Plaintiff had ample time to properly disclose Dr. Messner, produce an expert report, and disclose the necessary information required by Rule 26. Further, because of Plaintiff's failure to properly disclose these experts, Defendant did not have sufficient notice regarding the basis of the providers' causation opinions.[2] Thus, the exception to Rule 37 will not save these opinions for Plaintiff.

All other arguments for excluding Dr. Messner's causation opinions are denied as moot.

---

[2] With respect to this factor, the Court notes that the May 2, 2022, letter is brief to say the least. (ECF No. 26-4 ("It is my medical opinion that the damage seen and treated in the second knee arthroscopy is consistent with the described MVA accident [*sic*] on 3/8/2021.").) The letter does not come anywhere close to satisfying the specific requirements of Rule 26(a)(2)(B).

**III. CONCLUSION**

For the foregoing reasons, the Court ORDERS that Defendant's Motion to Limit Testimony of Plaintiff's Non-retained Expert, Dr. Michael G. Messner (ECF No. 26) is GRANTED IN PART and DENIED IN PART AS MOOT, as set forth above.

Dated this 10th day of June, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge