IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-1678-WJM-STV

BERNIE SANCHEZ-BELL,

    Plaintiff,

v.

CSAA GENERAL INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE*

Before the Court is Defendant CSAA General Insurance Company's ("Defendant") Motion *in Limine* to preclude Plaintiff Bernie Sanchez-Bell ("Plaintiff") "from offering evidence or testimony regarding Dr. Michael G. Messner's May 20, 2021 letter" and from admitting a demand letter authored by Plaintiff's attorney.  (ECF No. 49 at 1.)  Plaintiff filed a response.  (ECF No. 52.)  For the following reasons, the Motion is granted in part and denied in part.

### I. APPLICABLE LAW

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ."  *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any

tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The movant "has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)–(2); *United States v. Collins*, 575 F.3d 1069, 1073 (10th Cir. 2009). "But testimony not offered to prove the matter asserted that is 'offered instead for relevant context or background' is not hearsay." *United States v. Becknell*, 601 F. App'x 709, 712 (10th Cir. 2015) (unpublished opinion) (quoting *United States v. Hinson*, 585 F.3d 1328, 1336 (10th Cir. 2009)). Hearsay evidence is generally inadmissible. *See* Fed. R. Evid. 802.

## II. ANALYSIS

Defendant asks the Court to exclude in their entirety (1) a letter authored by Dr. Messner, Plaintiff's non-retained expert and (2) a demand letter authored by Plaintiff's

attorney.  (ECF No. 49 at 1, 6.)  The Court partially grants the first request and fully grants the second.

**A.     Dr. Messner's Letter**

Defendant argues that Dr. Messner's May 20, 2021, letter—specifically, his statement therein asserting that "[i]t is my medical opinion that the damage seen and treated in the second knee arthroscopy is consistent with the described MVA accident on 3/8/2021"—is inadmissible pursuant to the Court's earlier order excluding testimony from him about the cause of Plaintiff's injuries under Federal Rule of Civil Procedure 37. (*Id.* at 2.)  Defendant further argues, more generally, that the entire letter is inadmissible under Rules 403, 801, and 802.  (*Id.* at 5.)

Plaintiff responds that the letter "contain[s] and constitute[s] relevant information that CSAA considered at the time it made its decision to deny [her] UIM claim."  (ECF No. 52 at 3.)  As to Defendant's hearsay argument, Plaintiff seems to suggest that the letter is admissible because Dr. Messner intends to testify at trial, and accordingly, "CSAA may properly confront [him] as to his opinions and bases thereof."  (*Id.* at 4.) She also argues that the letter is subject to the business records exception to the hearsay rule.  (*Id.*)  Notably, Plaintiff does not offer argument as to the admissibility of Dr. Messner's causation-based opinion.

Consistent with its earlier Order, the Court excludes the above-quoted sentence in which Dr. Messner opines about the cause of Plaintiff's injuries.  (ECF No. 48 at 8) ("[T]he Court rules that Plaintiff will not be permitted to 'elicit opinions from [Dr. Messner's] that [Plaintiff's] injuries were caused by, and were a direct and proximate result of the motor vehicle collision.'").)

The Court is persuaded, however, that contrary to Defendant's argument, the

3

remaining portions of the letter, particularly the portions in which Dr. Messner provides his diagnoses and other medical opinions, are relevant to Plaintiff's bad faith claim. (*See* ECF No. 48 at 8 (permitting Dr. Messner to testify as to "his personal observations, diagnoses, and opinions formed during his treatment of Plaintiff").)  Specifically, those portions are relevant because they pertain to "the information that was before the insurer at the time it made its coverage decision."  *Schultz v. Geico Cas. Co.*, 429 P.3d 844, 848–49 (Colo. 2018).  The Court does not believe that the risk of unfair prejudice substantially outweighs the letter's probative value.  Defendant expresses concern that "[a]ny opinion which the jury sees in the letter, but which Dr. Messner is precluded from discussing on the stand, invites confusion."  (ECF No. 49 at 5.)  But, as discussed, Dr. Messner will not be permitted to opine—either on the stand or through his letter—what caused Plaintiff's injures.  Hence, the prejudice Defendant complains of is a non-issue.

Relatedly, the Court notes that Defendant's hearsay argument is based on a similar premise: according to Defendant, because "[t]he letter does not address any relevant issue aside from causation," it follows that "it could only be offered as allegedly substantive evidence that the accident did cause the Plaintiff's knee injury."  (*Id.* at 6.)  But the Court has already excluded the sentence about causation and found that the remaining balance of the letter has independent probative value.  As a result, the Court rejects the premise of Defendant's hearsay argument.

In sum, the Court grants in part and denies in part Defendant's motion to exclude Dr. Messner's May 20, 2021 letter.  Plaintiff will redact the excluded sentence prior to submitting the letter to the Court with her other trial exhibits.

**B.     The Demand Letter**

Defendant argues that the demand letter authored by Plaintiff's counsel, wherein

4

he refers to medical bills, medical records, and the various aforementioned portions of Dr. Messner's May 20, 2021, letter, must also be excluded. (*Id.* at 6.) In support, it points to a previous order from this Court excluding a similar correspondence between the parties. (*Id.* (citing *O'Sullivan v. Geico Cas. Co.*, 2017 WL 1243017, at *4 (D. Colo. Mar. 24, 2017)).) In response, Plaintiff reiterates that the demand letter is relevant because it relates "to the timeline of events concerning CSAA's handling of Plaintiff's UIM claim." (ECF No. 52 at 2.)

Consistent with its earlier decision in *O'Sullivan*, the Court will exclude the demand letter. Like in that case, "the Court fails to see how the correspondence amounts to anything other than inadmissible hearsay." *O'Sullivan*, 2017 WL 1243017, at *4. It appears that Plaintiff wishes to offer the letter to prove the truth of the assertions her counsel previously put in writing. As a result, the Court grants Defendant's motion to exclude the demand letter.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS Defendant's Motion *in Limine* (ECF No. 49) is GRANTED IN PART and DENIED IN PART, as set forth above.

Dated this 4th day of September, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

5